# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

Lyle W. Cayce
Clerk

No. 10-20752
Summary Calendar

MARCUS WILHITE,

Plaintiff-Appellant

v.

KENNITRA FOOTE, Attorney; THE STATE OF TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3192

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Marcus Wilhite, Texas prisoner # 01601479, appeals the district court's dismissal as frivolous of his 42 U.S.C. § 1983 action. Wilhite argues that the district court erred by dismissing his complaint because the district court failed to liberally construe his allegations. He maintains that he may bring claims against Kennitra Foote, his state court criminal defense attorney, under § 1983 because Foote participated in a joint activity with the State or its agents. He asserts that the district court incorrectly found that he waived his right to have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20752

his guilty plea hearing recorded and transcribed, and he has submitted a letter from the court reporter indicating that Foote told the court reporter that the hearing was not to be recorded. Wilhite also argues that the guilty plea hearing was recorded and that Foote made an agreement with state agents to have the hearing not recorded or transcribed after the hearing occurred.

The district court dismissed Wilhite's complaint on two alternative grounds that the complaint was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and that Wilhite could not sue Foote under § 1983 because Foote did not act under color of state law. Wilhite has not addressed the district court's dismissal of his complaint as barred by *Heck*. As Wilhite has not addressed this ground for dismissal, he has abandoned this issue on appeal, and we need not reach the district court's alternative ground for dismissal. *See Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000), *abrogated on other grounds, Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006); *Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994).

Wilhite's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal of the complaint both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Wilhite is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.